UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ralph Edward Wester, #53035-004, | ) C/A No. 9:05-2339-MBS-GCK |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Warden Ruth Yancey, | ) |
| Respondent. | ) |



A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal inmate.[1]  In 1997, Petitioner was convicted of a drug-related crime (21 U.S.C. § 841(b)(1)(B)(iii)) following a jury trial in the United States District Court for the Southern District of Florida.  See U.S. v. Wester, Criminal Action No. 97-8032-CR-Hurley. Following his conviction, he was sentenced to prison for 360 months (30 years) due to sentencing enhancements based on Petitioner's prior criminal record (recidivism). See 21 U.S.C. § 851.  His conviction and sentence were affirmed on direct appeal without opinion, U.S. v. Wester,159 F.3d 1360 (11th Cir. 1998) (Table)[2], and the denial of his first motion to vacate pursuant to 28 U.S.C. § 2255 was affirmed by the same court in 2001. See Wester v. U.S., 273 F.3d 1109 (Table)C.A.11 2001.[3]  According to Petitioner's Answers to the Court's Special Interrogatories in

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. See also 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] The sole issue raised in the direct appeal had to do with an alleged late discovery disclosure by the prosecution.

[3] In the § 2255 appeal, Petitioner claimed that his enhanced sentence was improper because it was entered without submitting the issue of the amount of drugs allegedly possessed to the jury, see Apprendi v. New Jersey, 530 U.S. 466 (2000), and because his attorney did not inform him that testimony about drug possession that he gave at a previous state court hearing could be admitted in his federal trial and used to convict him.

this case (Document 4), Petitioner did not seek permission from the Eleventh Circuit to file a second § 2255 motion prior to his filing of the § 2241 Petition in this case.

In his Petition in this case, Petitioner does not claim that he is/was innocent of the drug crime of which he was convicted, nor does he claim that the prior conviction(s) used to enhance his sentence are void or otherwise invalid. Instead, he seeks to have this Court vacate his sentence and perhaps re-sentence him because he claims that he is "actually innocent" of the sentence that he received. Insofar as can be liberally construed from his pro se pleadings, it appears that Petitioner claims he is actually innocent of his current sentence because the statutory maximum sentence under statute under which he was convicted is 40 years imprisonment. However, by reliance on the career criminal sentencing enhancement procedures under 21 U.S.C. § 851, according to Petitioner, the statutory maximum for his crime was improperly increased to life in prison, which permitted the sentencing court to apply different sentencing guidelines provisions in order to sentence him to 360 months, rather than to the 262 month sentence that Petitioner contends he should have been given. See Petition at 8.

In answer to a question on the form used for the Petition about whether or not he had filed a "motion under 28 U.S.C. § 2255" in order to raised his present claims,    *i.e.* why § 2255 is "inadequate or ineffective to the test the legality of [his] detention," Petitioner claims that the § 2255 remedy is ineffective in this case "because § 2255 does not provide an avenue in which inmates can grievance a Warden or other authorized person as to an inmates actual innocence of the length of the custody complained of ...." Petition, at 3.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents:    Denton v. Hernandez, 504 U.S. 25 (1992);

Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

Regardless of his attempt to avoid the true nature of his claim: the underlying invalidity of his sentence by asserting, without valid supporting argument, that he is "actually innocent," the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed in this case should be dismissed because Petitioner's sentencing claim is cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241. Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction or sentence was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted section 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains

an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

However, since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review of federal convictions and/or sentences only in limited situations. For example, it has been found available in actions challenging the administration of parole, see Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, see McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-05(6th Cir. 1993); prison disciplinary actions, see United States v. Harris, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence. See Atehortua v. Kindt, 951 F.2d 126, 129-30 (7th Cir. 1991). Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits).

According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). A petition for habeas corpus under § 2241 then, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement on a valid sentence beyond its term. See Atehortua v. Kindt, 951 F.2d at 129-30. Petitioner's allegations of improper applications of federal sentencing statutes and sentencing guidelines by the sentencing court go to the underlying validity of his 360-month sentence. The allegations of impropriety in the sentencing process clearly go to the underlying validity of the sentence that Plaintiff is currently serving. They do not concern the manner in which that sentence is being executed. As a result, the type of claim Petitioner seeks

4

to raise in this case cannot be properly considered by this Court der § 2241 unless Petitioner can come within the "savings clause" of § 2241 by showing that this is an *exceptional* case where 28 U.S.C. § 2255 is neither an inadequate nor ineffective remedy for those issues. See In re Vail; Tanksley v. Warden, 2000 WL 1140751(6th Cir., Aug. 08, 2000)(unpublished opinion); Ward v. Snyder, 2000 WL 1871725 (6th Cir., Dec. 12, 2000)(unpublished opinion); Gonzales v. Snyder, 2000 WL 636908 (8th Cir., May 18, 2000)(same); Elzie v. Pugh,1999 WL 734453 (10th Cir., Sept. 21, 1999)(same); Onaghise v. Bailey, 1999 WL 613461 (9th Cir., Aug. 12, 1999)(same). Petitioner's allegations in this case do not require this Court to find that the § 2255 remedy is inadequate or ineffective to test his detention, and, as a result, this § 2241 Petition is subject to summary dismissal without service on Respondent.

With regard to the application of the "savings clause" of § 2241, it is settled in this circuit that the possibility that a second § 2255 petition filed by Petitioner in the Southern District of Florida might be found untimely or successive does not render the § 2255 remedy inadequate or ineffective. See In Re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)( *en banc*). Furthermore, although a true, otherwise time-barred "actual innocence" claim *might* show a sufficiently "exceptional case" in which § 2255 could be found "inadequate or ineffective" to test a prisoner's continued detention, it is well settled that such claims are "exceptionally rare." Schlup v. Delo, 513 U.S. 298, 321-33 (1995). Such claims, if substantial, must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).[4] Proving 'actual

---

[4] Prisoners such as Petitioner often assert "actual innocence" rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where a direct appeal is unsuccessful (or the time for appeal has expired) and an initial § 2255 motion or § 2254 petition is also unsuccessful, but the petitioner wishes to file a second or successive writ to raise a "new" issue, or where he or she has committed a procedural default precluding one or more available remedies. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raise the issue previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice.

5

innocence' is a way to demonstrate that one's case falls within that narrow class.'<u>Cornell v. Nix</u>, 119 F.3d 1329, 1333 (8th Cir. 1997).

Petitioner's actual innocence claim in this case is not sufficiently substantial to require consideration because it simply does not show factual innocence of the underlying criminal conviction or of the prior conviction(s) used to support the enhanced sentence in this case. In fact, Petitioner does not even allege that he is innocent of the drug possession charge for which he was convicted and sentenced, nor does he allege that he is innocent of the prior conviction or convictions used to apply the enhanced sentencing provisions of 28 U.S.C. § 851 and the sentencing guidelines in his case. Moreover, Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the drug charge. See <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995)(to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); <u>Thompson v. United States</u>, 211 F.3d 1270 (6th Cir. 2000)(Table)(text available on Westlaw)(bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241).

Petitioner's claim that the sentencing Court improperly raised the statutory maximum sentence available for punishment under the statute establishing the crime of which Petitioner was convicted is not, in absence of additional facts showing new evidence or other substantial change in circumstances since the time of entry of the sentence, a claim of actual innocence that can be considered under § 2241. Instead, it is, again, a claim going to the underlying invalidity of a federal sentence which should be raised either by direct appeal or by a § 2255 motion. Nothing in this case presents more than an unsupported allegation of "actual innocence," and this

requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." United States v. Lurie, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000).

Finally, in any event, Petitioner cannot, in good faith, claim that the § 2255 remedy is "inadequate or ineffective" in his case because he is unable to file another § 2255 motion with the sentencing court in order to properly raise the issue of sentence invalidity he seeks to raise in this case. He is unable to make such a claim because he acknowledges in his Answers to the Court's Special Interrogatories that he has not even asked the Eleventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244, to consider whether he should be permitted to file a second § 2255 motion.[5] Petitioner's failure to pursue available and appropriate statutory procedures to have his arguments considered in the proper forum indicates that his current § 2241 Petition was filed in an attempt to circumvent the requirements of the AEDPA. Such actions cannot be sanctioned by this Court in absence of a truly exceptional, rare set of circumstances showing a possible miscarriage of justice not shown in this case.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition in this case be dismissed *without prejudice* and without requiring Respondent to file a return. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-

7

Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

George C. Kosko
United States Magistrate Judge

November 7, 2005
Charleston, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**

8

## & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**