IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ralph Edward Wester, #53035-004    ) | |
| ) | C/A No. 9:05-2339-MBS-GCK |
| Petitioner,    ) | |
| ) | |
| vs.    ) | **OPINION AND** |
| ) | **O R D E R** |
| Warden Ruth Yancey,    ) | |
| ) | |
| Respondent.    ) | |
| ) | |

    Petitioner Ralph Edward Yancey is an inmate in the custody of the Federal Bureau of Prisons. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was convicted of a drug-related crime by a jury in the United States District Court for the Southern District of Florida. See United States v. Wester, 97-8032-CR-Hurley. Following his conviction, Petitioner was sentenced to an enhanced term of imprisonment of 360 months as a result of his prior criminal record. The Eleventh Circuit Court of Appeals affirmed Petitioner's conviction on direct appeal. See United States v. Wester, 159 F.3d 1360 (Table) (11th Cir. 1998). The Eleventh Circuit Court of Appeals also denied Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. See Wester v. United States, 273 F.3d 1109 (Table) (11th Cir. 2001).

    Petitioner asserts that he is being held in custody unlawfully because he is "actually innocent" of the sentence that he received. Petitioner does not claim that he is innocent of the drug crime of which he was convicted. In addition, Petitioner does not claim that the prior convictions used to enhance his sentence are invalid. Rather, Petitioner claims his sentencing enhancements were improperly calculated. As such, Petitioner claims that he should have been sentenced to a term of imprisonment of 262 months rather than 360 months.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge George C. Kosko for a Report and Recommendation. The Magistrate Judge issued a Report and Recommendation on November 7, 2005, in which he recommended that the captioned matter be summarily dismissed. Petitioner filed objections to the Report and Recommendation on November 30, 2005. Petitioner also moved to amend his petition on November 30, 2005. Petitioner's motion to amend his petition is **granted**.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

## DISCUSSION

The court has reviewed Petitioner's objections to the Report and Recommendation and Petitioner's amended petition. Several objections raised by the Petitioner are general objections to which this court need not respond. Petitioner's specific objections are discussed in turn.

Petitioner first contends that the Magistrate Judge erred in concluding that his claim of actual innocence is not cognizable. A federal court may grant a habeas petition in an extraordinary case

where a constitutional violation probably has resulted in the conviction of one who is actually innocent. Murray v. Carrier, 477 U.S. 478, 496 (1986). The United States Supreme Court has held that a petitioner who presents a claim of actual innocence must support his allegations of error "with new reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence– that was not presented at trial." See Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner does not claim that he is actually innocent of the crime of which he was convicted. Even if the court could address Petitioner's contention that he is actually innocent of the career offender sentence he received, Petitioner fails to support his contention with new evidence. Therefore, Petitioner's claim of actual innocence is not cognizable. Petitioner's objection is without merit.

Petitioner further contends that the Magistrate Judge erred in concluding that Petitioner has failed to show that a petition under 28 U.S.C. § 2255 would be "inadequate and ineffective" to test the legality of Petitioner's detention. It is well-settled that a federal prisoner must challenge the underlying validity or computation of his sentence under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999); see also, Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). Petitioner alleges that the federal sentencing statutes and guidelines were improperly applied. As such, he is challenging the underlying validity of his sentence, which cannot be done under 28 U.S.C. § 2241.

To invoke 28 U.S.C. § 2241 instead, a petitioner must show that the remedy available to him under 28 U.S.C. § 2255 is inadequate or ineffective. See in re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The possibility that a second petition filed by a petitioner might be unsuccessful is not sufficient to render the remedy under 28 U.S.C. § 2255 inadequate or ineffective. Id. Petitioner

3

argues that the Eleventh Circuit "refuses to recognize the actual innocence exception in any non-capitol [sic] sentence case." Memorandum of Law and Facts in Support of Amended 2241 Habeas Corpus Petition and Incorporated Objections to Report and Recommendation, p. 5. The Eleventh Circuit's alleged refusal to recognize Petitioner's claim is not sufficient to invoke 28 U.S.C. § 2241. Petitioner's objection is without merit.

Petitioner also argues that his sentence is invalid if the ruling in United States v. Booker, 125 S. Ct. 738 (2005), is found to be retroactive. The Fourth Circuit Court of Appeals has held that Booker claims cannot be raised on collateral review in cases where a conviction was final prior to the Supreme Court's decision. See United States v. Morris, 2005 U.S. App. Lexis 23991 (4th Cir. 2005). As such, Petitioner's final objection is without merit.

## CONCLUSION

The court adopts the Report and Recommendation and incorporates it by reference. Petitioner's motion to amend his petition is **granted**. For the reasons stated herein, the captioned case is hereby **dismissed**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

January 30, 2006

### NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**